IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00900-BNB

JAMES R. LAWSON,

    Plaintiff,

v.

NIKE FLEMING,
GRAHAM FULLER,
BARBARA H. GLOGIEWICZ,
JOHN W. GRUND,
DANIEL HUBBARD,
DAVID M. JONES,
LORRAINE L. LABASH,
JENIFFER C. MADSEN,
ANDREW ROSEN,
LINDA SIDERIUS, and
DOUGLAS A. STEVENS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 0 2010

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Plaintiff, James R. Lawson, initiated this action by filing *pro se* a Complaint. On April 27, 2010, Mr. Lawson filed an Amended Complaint. On May 3, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Lawson to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 18, 2010, Mr. Lawson filed his Second Amended Complaint.

The Court must construe the Second Amended Complaint liberally because Mr. Lawson is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Second Amended Complaint is held to standards less stringent than those governing

a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Second Amended Complaint for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Mr. Lawson asserts a number of claims that Defendants violated his rights during the course of litigation in the Denver District Court:

> This complaint is based on Denver District Court Case # 2008 CV 8218, where the Defense attorneys for Denver Health Authority/DBA Denver Health, Porter Adventist Hospital, Radiology Imaging Services, and Inpatient Services, conspired to have Denver District Court Case #2008 CV 8268 [sic] dismissed as a medical malpractice suit and not for violations of the Plaintiff's civil rights under 42 U.S.C. 21 §§ 1981, 1981A, 1983, & 1988 CIVIL RIGHTS; under 42 U.S.C. 1395 (CC) (a) FEDERAL PATIENT SELF DETERMINATION ACT 1990 and 1395 (dd) EMTALA; and 18 U.S.C. 96 § 1961 - 1968. (RICO) RACKETEER INFLUENCED AND CORRUPT ORGANIZATION; and abuse of an at risk senior adult under C.R.S. 18-6.5-103. 3(a) (b) (c) Crimes against at-risk adults and at-risk juveniles – classifications, without a trial or evidentiary hearing.

(Complaint at 2 to Supp. p.2.2 of 5, ¶4.) Although not entirely clear, it appears that Mr. Lawson filed the Denver District Court action after various medical services providers attempted to collect payment from him for unwanted and unauthorized medical treatment provided to Mr. Lawson after he allegedly refused treatment. According to Mr. Lawson, the Colorado Court of Appeals affirmed the dismissal of his Denver District Court case on appeal. Mr. Lawson identifies the named Defendants in the instant action as attorneys for the medical services providers and a legal assistant

to one of those attorneys. Mr. Lawson makes the following specific allegations against the named Defendants in the Second Amended Complaint:

>    12) Defendants Linda L. Siderius and Dean M. Conroy[1] represented Inpatient Services in the Case alleging denial of the Plaintiff's civil rights in Denver District Court Case #2008 CV 8218 that was dismissed as a medical malpractice action under color of law in a conspiracy to deny plaintiff Lawson both his constitutional civil rights and his statutory Civil Rights which is actionable under 42 U.S.C. 1985(3) Depriving persons of rights or privileges.
>
>    13) Defendants Nike Fleming, Jennifer C. Madsen, and Barbara H. Glogiewicz represented Porter Adventist Hospital in Denver District Court Case #2008 CV 8218 alleging the Plaintiff's civil rights were denied that which was dismissed under color of law as a medical malpractice action in a conspiracy to deny plaintiff Lawson both his constitutional civil rights and his statutory Civil Rights which is actionable under 42 U.S.C. 1985 (3) Depriving persons of rights or privileges.
>
>    14) Defendants John W. Grund and Douglas A. Stevens represented Porter Adventist Hospital in Denver District Court Case #2008 CV 8218 alleging denial of the Plaintiff's civil rights that was dismissed as a medical malpractice action under color of law in a conspiracy to deny plaintiff Lawson both his constitutional civil rights and his statutory Civil Rights which is actionable under 42 U.S.C. 1985(3) Depriving persons of rights or privileges.
>
>    15) Defendants Daniel M. Hubbard and David M. Jones represented Radiology Imaging in Denver District Court Case #2008 CV 8218 denying of the Plaintiff's civil rights under color of law that were dismissed as a medical malpractice action in a conspiracy to deny plaintiff Lawson both his constitutional civil rights and

---

[1] Although Mr. Lawson apparently asserts claims against him, Dean M. Conroy is not listed as a Defendant in the caption of the Second Amended Complaint.

3

>           his statutory Civil Rights which is actionable under
>           42 U.S.C. 1985 (3) Depriving persons of rights or
>           privileges.
>
>   16)     Defendant Lorraine Labash is a legal assistant to
>           Defendant David M. Jones and conspired under color
>           of law to send at Defendant Jone's [sic] direction a
>           copy of the appeals judgment to Plaintiff Lawson in
>           an attempt to knowingly and wilfully cause Plaintiff
>           Lawson great bodily harm and maliciously, wilfully
>           and intentionally inflicted severe, extreme emotional
>           pain, mental anguish, loss of enjoyment of life,
>           thoughts of suicide, isolation from friends and family,
>           and other non pecuniary losses on the Plaintiff
>           because of his known condition of hypertension
>           and congestive heart disease.
>
>   17)     Defendants Graham Fuller and Andrew Rosen
>           Represented the law firms representing Porter
>           Adventist Hospital, Radiology Imaging Service, and
>           Inpatient Services, in a collection action, Denver
>           District Court Case #2009 CV 7642 against the
>           Plaintiff in a civil action to collect for attorney's fees in
>           which thee [sic] plaintiff held no financial or beneficial
>           interest and seized ½ of a spend thrift trust in real
>           property under color of law where Plaintiff Lawson
>           was living in a conspiracy to deny Plaintiff Lawson his
>           constitutional civil rights and his statutory Civil Rights
>           which is actionable under 42 U.S.C. 1985 (2) 42
>           U.S.C. 1985 (2) (Obstructing justice; intimidating
>           party, witness, or juror).

(*Id.* at Supp. p.2.2 of 5 to Supp. p.2.3 of 5.) Mr. Lawson specifically asserts due process and equal protection claims pursuant to 42 U.S.C. § 1983 and he also asserts claims pursuant to 42 U.S.C. § 1985(2) and (3).

The Court has reviewed the Second Amended Complaint and finds that Mr. Lawson still fails to provide a short and plain statement of his claims showing that he is entitled to relief in this action. Mr. Lawson was advised by Magistrate Judge Boland that § 1983 "provides a federal cause of action against any person who, acting

4

under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). However, Mr. Lawson still fails to allege facts that indicate any of the named Defendants were acting under color of state law. Furthermore, with respect to his equal protection claim, Mr. Lawson makes no allegation that he has been treated differently than any similarly situated individual. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). With respect to his due process claim, Mr. Lawson fails to allege the deprivation of any constitutionally protected interest in life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Although the Second Amended Complaint must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Lawson also fails to provide a short and plain statement of his claims pursuant to 42 U.S.C. § 1985(2) and (3). Mr. Lawson does not allege facts that state a claim under § 1985(2), which pertains to a conspiracy to intimidate a party, witness, or juror in a matter pending before a court of the United States or other obstruction of justice. He also fails to allege sufficient facts to support a claim under § 1985(3). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance

of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Based on his allegations in the Second Amended Complaint, Mr. Lawson apparently is basing his § 1985(3) claims on a non-racially motivated private conspiracy. However,

> [T]o state a claim under 42 U.S.C. § 1985(3) for a non-racially motivated private conspiracy, if indeed such a claim can be stated, it is necessary to plead, *inter alia*:
>
> 1. that the conspiracy is motivated by a class-based invidiously discriminatory animus; and
>
> 2. that the conspiracy is aimed at interfering with rights that by definition are protected against private, as well as official, encroachment.

*Tilton*, 6 F.3d at 686. Mr. Lawson does not identify specifically how Defendants conspired to violated his rights under § 1985(3) and he fails to identify the class-based invidiously discriminatory animus on which the conspiracy allegedly is based.

For these reasons, the Court finds that the Second Amended Complaint is subject to dismissal for failure to comply with the pleading requirements of Rule 8. However, although the specific claims for relief in the Second Amended Complaint are not entirely clear, it is clear to the Court that Mr. Lawson is unhappy with the results of the Denver District Court cases identified in the Second Amended Complaint and that the Court lacks subject matter jurisdiction to interfere with those state court decisions.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be

raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court lacks subject matter jurisdiction over Mr. Lawson's claims in the Second Amended Complaint because he is asking the Court to review orders entered in the Denver District Court cases. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court

pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Although Mr. Lawson seeks only damages in this action, the Court finds that his claims for damages are inextricably intertwined with the state court judgments because, in order for Mr. Lawson to prevail in this action, the Court would be required to review and reject the state court judgments. Therefore, the Court finds that the Second Amended Complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986). Accordingly, it is

ORDERED that the Complaint, the Amended Complaint, the Second Amended Complaint, and the action are dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that Plaintiff's motion for leave to amend filed on May 18, 2010, is denied as moot.

DATED at Denver, Colorado, this __9th__ day of ____June____, 2010.

BY THE COURT:

_[signature: Christine M. Arguello]_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00900-BNB

James R. Lawson
764 S. Osage Street
PO Box 9758
Denver, CO 80209-0758

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/10/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk